**John REYNOLDS, Petitioner,**

v.

**STATE OF ALABAMA, Respondent.**
**Cr. No. 14980.**

United States District Court
S. D. Alabama, N. D.

Dec. 2, 1967.

Jules P. Kirsch, Selma, Ala., for petitioner.

S. W. H. Williams, Jr., City of Greensboro, Ala., for respondent.

## OPINION

PITTMAN, District Judge.

While picketing a business establishment in Greensboro, Alabama, to protest alleged racial discrimination in hiring, the petitioner was arrested and charged with disobeying an officer and interfering with an officer in the line of duty. Contending that he cannot enforce laws providing for equal civil rights in the state courts, the petitioner seeks to remove the criminal prosecution of these charges now pending in the Mayor's Court of Greensboro to federal court under authority of 28 U.S.C. Sections 1443, 1446 (1958). This matter is now before this Court on the City of Greensboro's motion to remand.

It is well established that the phrase "any law providing for * * * equal civil rights" which appears in the removal statute has reference to specific enactments guaranteeing racial equality and not to broad constitutional guarantees of general application such as the First Amendment right of free speech. This distinction is clearly set out not only in City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966) but also in the companion case of State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) on which the petitioner relies. From statements in the petition for removal it is evident that the objections to the maintenance of the state prosecutions are based on general First Amendment grounds rather than upon any right conferred by one of the civil rights acts. As the opinion in *Rachel* indicates, the right to be immune from state prosecution is a very narrow one attaching only to peaceful attempts to exercise privileges secured by the public accommodations sections of the Civil Rights Act of 1964. (42 U.S.C. Sections 2000a(a), 2000a–2). No comparable statutory provision has been invoked, and the fact that the arrest occurred during a period when Greensboro police were under a federal injunction prohibiting interference with orderly picketing [1] does not give this Court power to take jurisdiction over a prosecution in which the only grounds for removal are First Amendment claims. Historically, considerations of comity as well as the requirements of judicial economy have convinced Congress of the wisdom of leaving the vindication of the defendant's federal rights to the state courts in the first instance. City of Greenwood, Miss. v. Peacock, supra, 384 U.S. at 835, 86 S.Ct. 1800. Should these constitutional guarantees fail to receive the proper attention the traditional forms of review are available for their protection in the federal courts.

The petition for removal states that the very pendency of this prosecution in the Mayor's Court is a clear indication that the defendant's constitutional rights will be violated. Even if these allegations should prove correct they would not constitute the clear prediction of a denial of rights which the removal statute requires:

Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts.

1. Days v. Christian, CA–3807 (S.D.Ala. August 13, 1965).

State of Georgia v. Rachel, supra, at 800, 86 S.Ct. at 1794.

 Thus it is not enough to support removal under Sec. 1443 to allege that subordinate state officials may have corruptly brought false charges, or even that the defendant may be unable to obtain a fair trial in a particular state court, since it should be presumed that the other judicial tribunals of the state would correct any such miscarriage of justice. City of Greenwood, Miss. v. Peacock, supra, 384 U.S. at 827, 86 S.Ct. 1800. "The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial." Id. at 828, 86 S.Ct. at 1812.

 Since the petition for removal does not allege facts from which a denial of "equal civil rights" may be predicted, this Court is without jurisdiction. An order of remand has been entered in accordance with this opinion.